IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTHONY WAYNE KEITH                                                                                   PETITIONER
ADC# 183442

V.                              Case No. 4:24-CV-00503-DPM-BBM

DEXTER PAYNE, Director
Arkansas Division of Correction                                                                       RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.     INTRODUCTION

On June 12, 2024, Anthony Wayne Keith ("Keith"), a prisoner incarcerated at the North Central Unit of the Arkansas Division of Correction ("ADC"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 2). Liberally construing Keith's Petition, he appears to allege that he is entitled to habeas relief on two grounds: (1) his sentence is invalid because the judge did not sign Keith's "judgment, commitment,

sentencing order," as Keith alleges is required by state law, (Doc. 2 at 3); and (2) his sentence is invalid because he requested a jury to determine both his *guilt* and his *sentence*, but he was sentenced by the Court, in violation of Arkansas law, *id.* at 5.[1] *See Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) ("Pro se habeas petitions should be liberally construed."); *see also Young v. Armontrout*, 795 F.2d 55, 56 (8th Cir. 1986).

On August 7, 2024, Dexter Payne ("Respondent") filed his Response, arguing that Keith's claims are frivolous and, alternatively, procedurally defaulted. (Doc. 11). Keith filed an "Objection" to Respondent's Response, which the Court considers a Reply. (Doc. 14). On September 4, 2024, after a request from the Court, Respondent filed a Supplemental Brief Addressing Sentencing Claim, (Doc. 15), and Keith filed a Response to Respondent's Supplemental Brief, (Doc. 16). Accordingly, the claims are joined and ready for disposition.

For the reasons discussed below, the Court recommends that Keith's Petition be denied and dismissed.

## II. BACKGROUND

On August 21, 2023, a jury in the Circuit Court of Crawford County, Arkansas, found Keith guilty of Theft of Property and Second Degree Forgery, both class C felonies.

---

[1] Keith also appears to allege a First Amendment claim because the Circuit Clerk of Izard County, Arkansas, refused to file his state-habeas petition without sufficient explanation. (Doc. 2 at 2). This claim, however, does not go to the constitutionality of Keith's physical confinement. *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014); *see Kruger v. Erickson*, 77 F.3d 1071, 1073-74 (8th Cir. 1996) ("Where a petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state [or federal] custody, the district court lacks the power or subject matter jurisdiction to issue a writ."). Accordingly, the Court does not have jurisdiction over this claim and does not reach it in this recommendation.

(Doc. 11-2 at 5). The jury returned the next day for a sentencing hearing and recommended that Keith be sentenced to ten years on each count to run consecutive. (Doc. 11-2 at 6; Jury Verdict Filed, *State v. Anthony Keith*, Crawford County, Arkansas, Circuit Court Case No. 17CR-22-785 (filed on August 22, 2023) ("*Keith I*")).[2] Consequently, presiding Crawford County Circuit Court Judge Marc McCune ("Judge McCune") sentenced Keith to 120 months' imprisonment on both counts to run consecutive, for a total of 240 months in the ADC.[3] (Doc. 11-1). The presumptive sentence on the theft of property charge was 18 to 36 months in the ADC, Community Corrections Center, or Alternative Sanctions; the presumptive sentence for the second degree forgery charge was Community Corrections Center. *Id.* at 1–2. The stated reason for the upward departure was "JURY RECOMMENDED SENTENCE." *Id.* Judge McCune electronically signed the sentencing order on August 24, 2023. (Doc. 11-1 at 4).

It is undisputed that Keith did not file a direct appeal of his conviction or sentence. *See* (Doc. 11 at 2; Doc. 14 at 2). Keith attempted to file a state-court habeas petition in the Circuit Court of Izard County, Arkansas, on June 4, 2024, but it was returned to him unfiled on June 6, 2024. (Doc. 2 at 15–26). On June 12, 2024, Keith filed the instant Petition pursuant to § 2254. (Doc. 2).

---

[2] Arkansas state court records can be found using the Arkansas Judiciary's Court Connect website: https://caseinfo.arcourts.gov/opad (last accessed May 8, 2025).

[3] The sentencing order states that the two 120-month ADC sentences are to run consecutive; however, it lists 120 months as "total time to be served for all offenses." (Doc. 2 at 11–13).

### III.    DISCUSSION

####   A.    Judicial Signature on Sentencing Order

Keith first challenges the validity and legality of his sentence "because of . . . [the] 'mandatory language' and 'expectation' Arkansas Law created regarding a presiding Circuit Judge signing [Keith's] judgment, commitment, sentencing order." (Doc. 2 at 3). Keith demands his sentence be vacated and that he be remanded to the custody of Crawford County. *Id*. at 4. To support his claim, Keith notes that the third page of his sentencing order is not signed by Judge McCune. (Doc. 2 at 13). Respondent, however, attached a certified copy of the fourth page of Keith's sentencing order, which is electronically signed by Judge McCune on August 24, 2023. (Doc. 11-1 at 4). Keith does not dispute that his sentencing order was electronically signed in his Reply, (Doc. 14), or his Response to Respondent's Supplemental Brief, (Doc. 16). Thus, on this record, Keith fails to state a cognizable federal habeas claim.

Even if Keith was right (he is not), however, and the sentencing order was not signed by the judge, Keith relies solely on state law to support his argument for federal habeas relief. (Doc. 2 at 3–9). Keith does not rely on the Constitution, federal statutes, or federal case law to support his argument that he has a liberty interest in having his "judgment, commitment, sentencing order" signed by the circuit court judge.[4] Respondent asserts that Keith's claim is not cognizable in a federal habeas proceeding because it fails to allege any

---

[4] In his Reply, Keith continues to rely on state law to support his argument that he has a liberty interest in the circuit judge signing his sentencing order. (Doc. 16). When Keith does cite to a federal rule or case, it involves an issue of civil procedure, which the Court notes is not binding on a state criminal court. Keith also, inexplicably, cites to Federal Rule of Civil Procedure 11(a) for the notion that the state judge was required to sign his sentencing order. (Doc. 16 at 7). This argument in unavailing.

4

violation of the Constitution or other federal law. (Doc. 11 at 4). Respondent is correct. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 2254(a) (stating the district court may entertain a § 2254 habeas petition "*only* on the ground that he is in custody in violation of the Constitution or law or treaties of the United States.") (emphasis added). Federal courts do not have jurisdiction to review matters based solely on alleged errors of state law. Accordingly, for the reasons stated herein, Keith's state-law claim that the judge failed to sign his sentencing order is not cognizable under § 2254 and should be denied.

### B. Keith's Right to be Sentenced by a Jury

Keith next argues that his sentence should be vacated because he was not sentenced by the jury that determined his guilt. (Doc. 2 at 4–5). Specifically, Keith states that he "had a state-created 'liberty interest' through said 'mandatory language' that gave him the 'expectation' he would be sentenced by the same jury that found his guilt, because the petitioner had at no time entered into any agreement with consent of he or the court waiving being sentenced by said jury." *Id*. at 5. Respondent again asserts that this claim is not cognizable in this habeas proceeding because it fails to allege any violation of the Constitution or other federal law; Respondent notes that there is no federal right to be sentenced by a jury. (Doc. 15 at 2). Indeed, in arguing that he was entitled to be sentenced by the same jury that convicted him, Keith cites Arkansas Code Annotated § 16-97-101. (Doc. 2 at 5).

The Court notes that the right to a jury does not always end at the trial. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."); *Ring v. Arizona*, 536 U.S. 584 (2002) (holding it was impermissible by the federal constitution for "the trial judge, sitting alone" to determine the presence or absence of the aggravating factors required by Arizona law for imposition of the death penalty); *Blakely v. Washington*, 542 U.S. 296 (2004) (holding the right to a jury determination is implicated whenever a judge seeks to impose a sentence that is not solely based on "facts reflected in the jury verdict or admitted by the defendant."). Thus, there are situations where being sentenced by a judge, at least in part, may run afoul of the federal constitution. Keith's case does not present such a situation, however.

In Keith's case, even though his sentencing order states he was sentenced by the court, he was, in essence, sentenced by the jury, as he requested. (Doc. 11-1). In fact, on August 22, 2023, the day after he was convicted at trial, the same jury convened for a sentencing hearing. (Doc. 11-2 at 5). At the conclusion of that hearing, the jury recommended that Keith be sentenced to 10 years in the ADC on both counts and that all of the terms of imprisonment be consecutive. (Doc. 11-2 at 5–6; Jury Verdict Filed, *Keith I*, (filed Aug. 22, 2023)). The sentences of 10 years on each count were within statutory range. Jury Verdict Filed, *Keith I*, (filed Aug. 22, 2023). Based on the jury's recommendation, Judge McCune sentenced Keith to 10 years in the ADC on both counts and ran the terms of imprisonment consecutive to one another. (Doc. 11-1). When asked to

6

state a reason for the departure in the sentencing order, Judge McCune stated, "JURY RECOMMENDED SENTENCE." (Doc. 11-1).

Under Arkansas law, "[i]f a defendant is charged with a felony and is found guilty of an offense by a jury, the jury shall fix punishment in a separate proceeding . . . ." Ark. Code Ann § 5-4-103. In that separate proceeding, "the jury shall hear additional evidence relevant to sentencing on those charges . . . Following the introduction of additional evidence relevant to sentencing, if any, instruction of the law, and argument, the jury shall again retire and determine a sentence within the statutory range." Ark. Code Ann. § 16-97-101. This is precisely what happened in Keith's case. (Doc. 11-2 at 5–6; Jury Verdict Filed, *Keith I*, (filed Aug. 22, 2023)).

Accordingly, for the same reasons listed above, Keith's state-law claim that being sentenced by the court rather than the jury that convicted him entitles him to federal habeas relief is not cognizable under § 2254.

## IV.    CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding a certificate of appealability should issue when a district court decides a case on procedural grounds only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). The Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Keith's

7

claims any differently than they have been decided here. Therefore, the Court recommends that Keith not be granted a COA in this matter.[5]

## V.   CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.   Keith's Petition for Writ of Habeas Corpus, (Doc. 2), be DENIED and DISMISSED.

2.   A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(2).

3.   Judgment be entered accordingly.

DATED this 9th day of May, 2025.

                                                                             Benecia Moore
                                                   UNITED STATES MAGISTRATE JUDGE

---

[5] Because the Court recommends that the petition be dismissed for want of subject-matter jurisdiction, the Court did not reach the issues of procedural default and waiver.